UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE RENE ROYALTY,

    Plaintiff,

v.

    Case No. 17-11024
    District Judge Victoria A. Roberts
    Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER: (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 21); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 19); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. # 16)**

    I.    Background

Yvonne Royalty ("Royalty") filed an application for Social Security disability benefits on March 26, 2014. She claims she has been disabled since September 1, 2012 due to osteoarthritis, type 2 diabetes, hypertension, depression, osteopenia, and carpal tunnel syndrome. Royalty brings this action pursuant to 42 U.S.C. § 405(g). She appeals the denial of disability benefits by the Commissioner of Social Security (the "Commissioner"). The Appeals Council denied Royalty's Request for Review of the decision issued by the Administrative Law Judge ("ALJ"). That ALJ decision stands as the Commissioner's final decision. The parties filed cross-motions for summary judgment. The Court referred those motions to Magistrate Judge Mona K. Majzoub.

In her motion for summary judgment, Royalty argues: 1) the ALJ failed to consider the effect of Royalty's obesity on her residual functional capacity ("RFC"), as required by Social Security regulations; 2) the ALJ committed reversible error by failing

1

to consider whether her obesity equals an impairment found in the listing of impairments, specifically Listing 1.04A; and 3) the ALJ's credibility findings are not supported by substantial evidence.

The Commissioner argues in its motion for summary judgment that: 1) the ALJ properly considered Royalty's obesity in assessing her RFC and whether she was impaired under Listing 1.04; 2) Royalty failed to show that she meets all the specified medical criteria, even considering her obesity, for a Listing 1.04 impairment; and 3) substantial evidence supports the ALJ's conclusion that Royalty's statements as to the intensity, persistence, and limiting symptoms of her impairments were not entirely supported.

Magistrate Judge Majzoub issued a Report and Recommendation ("R&R"). She recommends that the Court grant the Commissioner's motion and deny Royalty's. Magistrate Judge Majzoub concluded that: 1) the ALJ adequately considered Royalty's obesity in accordance with Social Security Regulation in determining her RFC and her possible impairments under Listing 1.04; 2) Royalty did not demonstrate that she experienced the simultaneous presence of all of the medical criteria in Listing 1.04A for a continuous 12 months, as required; and, 3) the ALJ's assessment of Royalty's credibility is supported by substantial evidence.

Royalty filed three objections, arguing that Magistrate Judge Majzoub: 1) was too easily satisfied that the ALJ's treatment of the effects of her impairments was supported by substantial evidence; 2) erred in upholding the ALJ's Listing 1.04 determination as supported by substantial evidence; and 3) erred in upholding the ALJ's finding that her credibility was not supported by substantial evidence.

II. Standard of Review

A person may seek judicial review of any final decision of the Commissioner; however, the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405.

"Substantial evidence is more than a scintilla of evidence but less than a preponderance … ."  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). And, if the Commissioner's decision is supported by substantial evidence, it must stand, regardless of whether the Court would resolve the disputed facts differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

After proper objections are made, the Court conducts a *de novo* review of a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1); F. R. Civ. P. 72(b)(3). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (citation omitted); *see also Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 453-54 (6th Cir. 2006) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997)). After completing a *de novo* review, there is no requirement that the district

court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th Cir. 1986); *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 798 (E.D. Mich. 2013).

III. Analysis

After *de novo* review of the cross motions for summary judgment, the R&R, Royalty's objections, the Commissioner's response, and the remainder of the record, the Court overrules Royalty's objections.

A. Royalty's First Objection: Obesity Not Properly Evaluated

Royalty first claims to be confused as to how the ALJ determined that Royalty was severely impaired, but that the impairment did not interfere with her ability to work. Royalty also argues that the Court has no way to review exactly how the ALJ considered her obesity in combination with other impairments to determine that she had the RFC to perform light work.

As Magistrate Judge Majzoub observed, the ALJ devoted a paragraph of his opinion to Royalty's obesity. The ALJ acknowledged that Royalty was obese, and noted that obesity often complicates existing impairments. However, the ALJ explained that he examined Royalty's medical records. These records indicated, *inter alia*, that in spite of her weight, Royalty could ambulate without assistance, that her neurological functions were largely intact, and that her muscoskeletal system was free from deformity.

The ALJ clearly used these records to make his decision regarding Royalty's RFC. [Transcript, Pg. 18]. Thus, Royalty's claim that the Court has no way to review the ALJ's considerations is inaccurate.

4

Further, it is not necessary for the Court to know exactly how the ALJ considered Royalty's obesity. Instead, the ALJ's determination need only be supported by substantial evidence, even if the Court would have decided differently. *Bogle*, 998 F.2d at 347.

Because the ALJ's decision is supported by substantial evidence, as Magistrate Judge Majzoub noted, it must be affirmed. The Court rejects Royalty's objection.

> B. Royalty's Second Objection: It Was Error To Find She Met The Criteria Under Listing 1.04

Royalty next argues that Magistrate Judge Majzoub erred in upholding the ALJ's finding that she does not have an impairment that meets the criteria of Listing 1.04, disorders of the spine. This listing requires "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, … and positive straight-leg raising test … ." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04. In reviewing her medical records, the ALJ found Royalty did not consistently manifest evidence of neurogenic compression. However, Royalty argues that she displayed all the symptoms required to prove the existence of an impairment under Listing 1.04.

In her objections, Royalty admits that her symptoms "may not have always appeared at every examination." [Objections, Pg. 4]. However, as Magistrate Judge Majzoub correctly observed, the law requires that all of the medical criteria in Listing 1.04 be simultaneously present, and must continue for a period of at least 12 months. Social Security Acquiescence Ruling (AR) 15-1(4), 80, FR 57418-02, 2015 WL

5564523, at *57420 (Sept. 23, 2015) (citing 20 C.F.R. §§ 404.1525(c)(4), 416.925(c)(4)). "[W]hen the listing criteria are scattered over time, wax and wane, or are present on one examination but absent on another, the individual's nerve root compression would not rise to the level of severity required by listing 1.04A." *Id.*

By her own admission, Royalty does not meet the criteria of Listing 1.04. Thus, Magistrate Judge Majzoub correctly applied the law in upholding the ALJ's findings, and the Court rejects Royalty's objection; substantial evidence supports the Commissioner's finding.

### C. Royalty's Third Objection: Credibility Determination Was Not Supported by Substantial Evidence.

Finally, Royalty argues that the ALJ's credibility determination is not supported by substantial evidence. Specifically, she argues, that the ALJ misconstrued and mischaracterized her reported daily activities. Royalty claims that she only performed daily activities, such as cooking and cleaning, in short intervals, and had to take many rest periods. She argues that the information in her functional report, her testimony, and her daughters' written statements, are all consistent with one another, but claims the ALJ disregarded them.

The ALJ did not disregard Royalty's or her daughters' statements. In his analysis of Royalty's credibility, the ALJ mentions Royalty's claims of easy fatigue, pain, and her need to take breaks while completing daily activities. But, in analyzing the entire record, the ALJ concluded that it does not fully support the magnitude of her claimed symptoms and dysfunctions. He noted that no physician had imposed a work limitation on Royalty,

6

or opined that she was disabled. He did not suggest that Royalty does not have significant impairments or limitations. Instead, he concluded that they are not extensive enough to make her incapable of working, as defined by an RFC. [Transcript 17-18]. As Magistrate Judge Mazjoub concluded, the ALJ did not misconstrue these reported activities, but found them incredible in light of the entire record.

The Court rejects Royalty's objections; substantial evidence supports the credibility determination made.

IV. Conclusion

The Court **ADOPTS** Magistrate Judge Majzoub's Report and Recommendation: the Commissioner's Motion for Summary Judgment is **GRANTED**; Royalty's Motion for Summary Judgment is **DENIED**; the decision of the Commissioner is **AFFIRMED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 6, 2018

7